IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| FARHAN AL-SAREI, a/k/a ) | | |
| FARHAN AL SAREAI a/k/a ) | | |
| AL SAREAL FARHAN a/k/a ) | | |
| FARHAN AL SAREAI MUSAED, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| VS. ) | No. 17-2139-STA-egb | |
| ) | | |
| WARDEN, MEMPHIS COUNTY JAIL, ) | | |
| ET AL., ) | | |
| ) | | |
| Defendants. ) | | |

ORDER TO MODIFY THE DOCKET AND
DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
OR PAY THE $400 CIVIL FILING FEE

On February 27, 2017, Plaintiff Farhan Al-Sarei a/k/a Farhan Al Sareai a/k/a Al Sareal Farhan a/k/a Farhan Al Sareai Musaed filed a civil complaint accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) While the complaint indicated that Plaintiff was confined at the "Memphis County Jail" in Memphis, Tennessee (ECF No. 1 at 1), the return address on the envelope was the Federal Medical Center ("FMC") in Butner, North Carolina (ECF No. 1-1). Therefore, the Clerk listed Plaintiff's address of record as FMC Butner.

On March 1, 2017, U.S. District Judge James D. Todd issued an order directing Plaintiff to submit either an inmate trust account statement in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), or the entire $400 civil filing fee. (ECF No. 4.) That order was returned as undeliverable on March 27, 2017. (ECF No. 5.) The case was reassigned to the undersigned judge on March 28, 2017. (ECF No. 6.) The order of reassignment also was returned

as undeliverable. (ECF No. 7.) As it appears that Plaintiff is not incarcerated at the FMC in Butner, the Clerk is directed to MODIFY the docket to reflect that Plaintiff's address is the Shelby County Criminal Justice Complex in Memphis, Tennessee, as indicated in the complaint. Plaintiff will be given another oppportunity to comply with the PLRA.

Under the PLRA, a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. § 1915(a)(2).

As indicated, in this case, the affidavit submitted by Plaintiff was not accompanied by a certified copy of his trust account statement. Accordingly, Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee[1] or a copy of his trust

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, if Plaintiff is ultimately granted leave to proceed *in forma pauperis* in accordance with the PLRA, he will not be responsible for the additional $50 fee.

account statement for the last six months.[2] If Plaintiff needs additional time to file the required document, he may request one 30-day extension of time from this Court. *McGore*, 114 F.3d at 605.

If Plaintiff timely submits the necessary document and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. *McGore*, 114 F.3d at 605.[3]

IT IS SO ORDERED this 17th day of April, 2017 .

<u>s/ S. Thomas Anderson</u>
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff does not need to submit another *in forma pauperis* affidavit.

[3] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).